124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick STOPS, Defendant-Appellant.
 No. 96-30335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1997
Filed Sept. 23, 1997.
 
 1
 Appeal from the United States District Court for the District of Montana, No. CR-95-00083-JDS; Jack D. Shanstrom, District Judge, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Frederick Stops appeals his criminal conviction of having engaged in abusive sexual contact with a minor in violation of 18 U.S.C. §§ 2244(a)(1) and 1153.
 
 
 5
 The principal contention on appeal is that the district court should have admitted all of the proffered testimony of the defense expert. The district court allowed the witness to testify as to the general characteristics of abused children and how certain interviewing techniques may influence or "coach" the answers of young children, but it did not admit evidence as to the expert's evaluation of this young witness's statements.
 
 
 6
 The appellant contends that the district court did not engage in a proper evaluation of the testimony under Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579 (1993). Assuming Daubert is applicable, any error was harmless. The jury heard the expert evidence regarding the effect of certain interviewing techniques on children, and saw the videotaped interview of the child. The defense was able to use this testimony in closing arguments to argue the unreliability of the witness's statements.
 
 
 7
 Moreover, Daubert may not be appropriate where a witness is testifying about specialized knowledge of social behavior. Such expert testimony, like profile testimony, is not admissible to show guilt because the individual fits certain characteristics. See U.S. v. Webb, 115 F.3d 711, 715 (9th Cir.1997).
 
 
 8
 Stops also contends the district court improperly granted restitution to the alleged victim's father. Stops is incorrect. Restitution is appropriate. See 18 U.S.C. § 2248(c).
 
 
 9
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3